IN THE SUPREME COURT OF THE STATE OF MONTANA

---

IN THE MATTER OF THE RULES ON  )    A M E N D E D
THE DISQUALIFICATION AND      )      O R D E R
SUBSTITUTION OF JUDGES        )

---

By order dated June 17, 1987, this Court adopted new rules on the disqualification and substitution of judges to become effective September 1, 1987, with a comment period to be in effect until December 1, 1987. After further review of the adopted rules, we deem it necessary to make certain clarifying amendments.

The Honorable Robert M. Holter, President of the Montana Judges Association, petitioned this Court to revise our rules on the disqualification and substitution of judges. Pursuant to the power placed in this Court by Article VII, Section 2, of the 1972 Montana Constitution, this Court adopts the following rule effective as of September 1, 1987, with a comment period to be in effect until December 1, 1987.

IT IS THEREFORE ORDERED that the said order dated June 17, 1987, is hereby amended and by such amendment the full text of the rules on disqualification and substitution of judges is hereby adopted and reads as follows:

[3-1-803. Disqualification of judges--all courts.]

DISQUALIFICATION OF JUDGES

This section shall, in its application, apply to all courts.
Any justice, judge, or justice of the peace must not sit or act in any action or proceeding:
1. To which he is a party, or in which he is interested;
2. When he is related to either party by consanguinity or affinity within the sixth degree, computed according to the rules of law;

1

FILED
JUL 29 1987
Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

3. When he has been attorney or counsel in the action or proceeding for any party or when he rendered or made the judgment, order or decision appealed from.

[3-1-804. Substitution of district judges.]

## SUBSTITUTION OF DISTRICT JUDGES

This section is limited in its application to district courts and judges presiding therein.

1. A motion for substitution of a district judge may be made by any party to a proceeding only in the manner set forth herein. In a civil or criminal case, each adverse party, including the state, is entitled to one substitution of a district judge.

(a) A motion for substitution of a district judge shall be made by filing a written motion with the clerk, as follows:

The undersigned hereby moves for substitution of District Judge _____ in this cause.

A copy of the motion shall be served upon all parties to the proceeding and the clerk shall immediately notify the judge. After a timely motion has been filed, the substituted judge shall have no power to act on the merits of the cause and shall call in another judge. However, a resident district judge who has previously been substituted from the case may agree to set the calendar, draw a jury, conduct all routine matters including arraignments, omnibus hearings in criminal cases, preliminary pretrial conferences and other matters which do not go to the merits of the case, if the sitting judge authorizes the same.

(b) The first district judge who has been substituted or disqualified for cause shall have the duty of calling in all subsequent district judges. It shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the initial pleading, complaint, order to show cause, or information and all copies thereof.

(c) When a judge is assigned to a cause for twenty (20) consecutive days after service of summons, or ten (10) days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed within said time period, the right to move for substitution of a judge shall be deemed

waived. If the presiding judge removes himself, the right to move for substitution of a judge is reinstated, unless having been previously used, and the time periods shall run anew. After the time period shall have run as to the original parties to the proceeding, no party who is joined or intervenes thereafter shall have any right of substitution.

(d) The motion for substitution shall not be effective for any purpose unless a filing fee is paid to the clerk of the district court in the amount set by law. This filing fee is waived in criminal cases where the defendant has received a court-appointed counsel or in civil cases where there has been an affidavit and order waiving filing fees.

(e) Any motion for substitution which is not timely filed is void for all purposes. The judge having jurisdiction shall make an order declaring the motion void.

(f) When a new judge has accepted jurisdiction, the clerk of court shall mail a copy of the assumption of jurisdiction to the original judge and to each attorney or party of record. The certificate of service shall be attached to the assumption of jurisdiction form in the court file.

(g) When a new trial is ordered in any case, whether by order of the district court or the supreme court, each adverse party shall be entitled to one additional motion for substitution of judge in the manner provided herein. Such motion must be filed, with the required filing fee, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur has been filed with the district court clerk. No right of further substitution shall arise in cases remanded by the supreme court which call for additional hearings, but not a new trial.


[3-1-805. Disqualification for cause.]

DISQUALIFICATION FOR CAUSE

This section is limited in its application to judges presiding in district courts, justice of the peace courts, municipal courts and small claims courts.

1. Whenever a party to any proceeding in any court shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge, such judge shall proceed no further in the cause. If the affidavit is filed against a

3

district judge, the matter shall be referred to the Montana Supreme Court, whereupon the Chief Justice shall assign a district judge to hear the matter. If the affidavit is filed against a judge of a municipal or justice court, any district judge may appoint another justice of the peace, or municipal judge, to hear any such proceeding.

(a) The affidavit for disqualification must be filed more than thirty (30) days before the date set for hearing or trial. The party filing the affidavit for disqualification shall pay a filing fee as set by law. Failure to pay such filing fee at the time of filing the affidavit will render the affidavit null and void and ineffective for any purpose. The filing fee is waived in criminal cases where the defendant has received court-appointed counsel, or in civil cases where there has been an affidavit and order waiving the filing fees.

(b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good faith. An affidavit will be deemed not to have been made in good faith if it is based solely on rulings in the case made by the challenged judge and from which an appeal could have been taken.

(c) Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.

(d) The judge appointed to preside at a disqualification proceeding may assess attorneys fees, costs and damages against any party or his attorney who files such disqualification without reasonable cause and thereby hinders, delays or takes unconscionable advantage of any other party, or the court.

## ORDER SUPERSEDES SECTION 3-1-801 and 802, MCA:

By the authority of Article VII, Section 2, of the 1972 Montana Constitution, this rule supersedes and is to be used to the exclusion of the rule on disqualification and substitution of judges adopted by Supreme Court Order dated June 29, 1981, and published as section 3-1-801 and 802, MCA.

## EFFECTIVE DATE:

This rule shall take effect on September 1, 1987.

## COMMENT PERIOD:

The Montana Supreme Court invites comments by attorneys, judges, and other interested parties to be submitted to the

Clerk of this Court by December 1, 1987. Following the receipt of such comments, this Court will consider the same and make such changes as it finds to be appropriate.

NOTICE:

The Clerk of this Court is directed to mail copies of these rules to the following:

The Code Commissioner of the State of Montana;

District Court Judges of the State of Montana;

Clerks of the District Courts of the State of Montana;

United States District Court Judges of the State of Montana;

Clerks of the United States District Courts of the State of Montana;

President and Executive Director of the State Bar of Montana;

President and Executive Director of the Montana Trial Lawyers Association;

West Publishing Company, with a request that it be published in the Pacific Reporter;

State Reporter, with a request that it be published in the State Reporter.

DATED this 29th day of July, 1987.

Chief Justice

Justices

Mr. Justice John C. Sheehy concurs in this order.

5